IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNOR A. DAVIS,

        Plaintiff,                    No. CIV S-11-2721 GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a Colusa County Jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff, pursuant to the court's order, has submitted on December 19, 2011, a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

§ 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names as defendants the California Department of Corrections and Rehabilitation (CDCR) (specifically apparently seeking to implicate unnamed parole supervisors and officers involved in parole revocation procedures but that is not clear), the Federal Drug Administration (FDA), and "California County Jail," by which he presumably means Colusa County Jail where he is housed. See Complaint. Plaintiff's claims are so garbled that he violates the very liberal pleading Rule 8 of the Federal Rules of Civil Procedure which requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). He complains of not having been provided with all the unspecified information he sought from the CDCR which he apparently believes would show the incompetence of unnamed parole officers and supervisors. Cmpl. at 3. He asks the court to make right the wrong done to him and his family by the state court system, the CDCR parole department, and the FDA, without making clear how he was wronged. Id. Plaintiff then goes on to an apparent tangent alleging that the FDA allows big drug companies to sell drugs with unknown potentially dangerous side effects but spends a lot of money going after those involved with a "natural plant" like marijuana. Id. at 4. Plaintiff then contends that county jails must abide the same rules and laws applicable to state and federal prisons with regard to food, clothing, bedding, medical treatment and religious practice (id.), but he does not clarify how his constitutional rights are being implicated by jail conditions. Plaintiff has also filed a later separate so-called supplement to his complaint which violates Local Rule 220, which requires that a pleading be complete within itself.

1   Federal law opens two main avenues to relief on complaints related to
2   imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.
3   Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of
4   confinement may be presented in a § 1983 action.

5  Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

6  The complaint will be dismissed but plaintiff will be granted leave to amend within twenty-eight

7  days to set forth conditions of confinement that implicate his constitutional rights,

8  "'Because routine discomfort is part of the penalty that criminal offenders pay for

9  their offenses against society, only those deprivations denying the minimal civilized measure of

10 life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'"

11 Somers v. Thurman, 109 F.3d 614, 623 (1997), quoting Hudson v. McMillian, 503 U.S. 1, 9, 112

12 S.Ct. 995, 1000 (1992) (omitting internal quotations and citations).

13 However, "[p]rison officials have a duty to ensure that prisoners are provided

14 adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis,

15 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832, 114 S.

16 Ct. 1970; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) ("[A]n institution's obligation

17 under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food,

18 clothing, shelter, sanitation, medical care, and personal safety" [internal quotations omitted]).

19 When an inmate has been deprived of necessities, "the circumstances, nature and duration of a

20 deprivation...must be considered in determining whether a constitutional violation has occurred."

21 Johnson, supra, at 731.

22 To the extent plaintiff seeks a form of relief with regard to a conviction or sentence

23 that has been imposed upon him, plaintiff must proceed by way of a petition for writ of habeas

24 corpus in a separate action. To the extent plaintiff seeks to challenge a state court action

25 proceeding against him, plaintiff is informed that federal courts cannot interfere with pending

26 state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable

injury. Younger v. Harris, 401 U.S. 37, 45-46, 91 S.Ct. 746, 750-51 (1971).  Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case.  Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46, 91 S.Ct. at 751 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44, 46 S.Ct. 492, 493 (1926)).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances as it is not apparent at this point that plaintiff has any cognizable claims.  Plaintiff's request for the appointment of counsel will therefore be denied

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's request for the appointment of counsel, filed on December 28, 2011 (docket # 11) is denied.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 3, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
davi2721.bnf